IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WAUSAU BUSINESS INSURANCE COMPANY**, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**BOYD COFFEE COMPANY**,<br><br>    Defendant. | Case No. 3:12-cv-0968-HU<br><br>**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

John A. Bennett, Beth Skillern, Margaret M. Van Valkenburg, BULLIVANT HOUSER BAILEY PC 300 Pioneer Tower 888 SW Fifth Avenue Portland, OR 97204-2089. Attorneys for Plaintiffs.

A. Richard Dykstra, Peter J. Mullenix, FRIEDMAN RUBIN, 51 University Street, Suite 201, Seattle, WA 98101-3614. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In this lawsuit Plaintiffs Wasau Business Insurance Company and Liberty Insurance Corporation ("Plaintiffs" or "Insurers") brought a declaratory judgment action against Defendant Boyd Coffee Company ("Defendant" or "Insured"). United States Magistrate Judge Dennis Hubel issued Findings and Recommendation in this case on November 13, 2013. Dkt. 39. Judge

PAGE 1 – OPINION AND ORDER

Hubel recommends that Defendant's Motion for Partial Summary Judgment (Dkt. 20) be denied and Plaintiffs' Motion for Summary Judgment (Dkt. 24) be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

The Insured timely filed objections to the Findings and Recommendation (Dkt. 41), to which the Insurers responded. Dkt. 44. The Insured objects to the portion of Judge Hubel's recommendation finding that the underlying complaint did not provide adequate notice of a claim for trade libel so as to trigger the Insurers' duty to defend. The Insured argues that Judge Hubel erroneously required that the underlying complaint be "sufficiently detailed" or

stated with "sufficient particularity" in order to trigger the duty to defend, creating a new standard that does not comport with Oregon law. The Court disagrees with the Insured's interpretation of Judge Hubel's Findings and Recommendation.

The Court understands Judge Hubel's Findings and Recommendation accurately to follow Oregon law, which holds that to trigger the duty to defend, a complaint need not be in perfect form but must contain factual allegations, without amendment, sufficient to state a claim for an offense covered by the insurance policy. *See Bresee Homes, Inc. v. Farmers Ins. Exch.*, 293 P.3d 1036, 1039 (Or. 2012); *Marleau v. Truck Ins. Exch.*, 37 P.3d 148, 153 (Or. 2001). The insurer should be able to determine from the face of the complaint whether to defend the action, and any ambiguities in the complaint with respect to whether the allegations could be covered are resolved in favor of the insured. *Bresee*, 293 P.3d at 1039.

Here, Judge Hubel properly considered the substance of the underlying complaint and construed the allegations as potentially providing notice to the insurer of a California common law claim for trade libel, even though no such claim was specifically identified in the underlying complaint. Special damage, however, is an element of a trade libel claim in California, *see Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 270 (Cal. Ct. App. 2002), and under California law, special damages must be specifically pled. *See, e.g.*, *MacLeod v. Tribune Pub. Co.*, 343 P.2d 36, 42 (Cal. 1959); *Pridonoff v. Balokovich*, 228 P.2d 6, 8 (Cal. 1951); *Anschutz Entm't Grp., Inc. v. Snepp*, 90 Cal. Rptr. 3d 133, 165 (Cal. Ct. App. 2009). Additionally, because the Insured removed the underlying complaint to federal court, the complaint was subject to Federal Rule of Civil Procedure 9(g), which also requires that special damages must be specifically stated. Fed. R. Civ. Pro. 9(g). Because the only potentially covered claim asserted in the underlying complaint requires that special damages be pled with particularity, Judge Hubel

PAGE 3 – OPINION AND ORDER

appropriately considered whether the underlying complaint pled special damages with adequate specificity to state a claim for trade libel, and he properly determined that it did not. Thus, the Court adopts the portion of Judge Hubel's Findings and Recommendation relating to whether the underlying complaint sufficiently pled a trade libel under California law claim so as to trigger the Insurers' duty to defend.

No party objected to the remaining portions of Judge Hubel's Findings and Recommendation. For those portions of Judge Hubel's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court ADOPTS Judge Hubel's Findings and Recommendation (Dkt. 39). Defendant's Motion for Partial Summary Judgment (Dkt. 20) is DENIED and Plaintiffs' Motion for Summary Judgment (Dkt. 24) is GRANTED.

**IT IS SO ORDERED**.

DATED this 3rd day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge